UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00144-GNS-LLK

KIMBERLY PITTMAN FITZGERALD                                                    PLAINTIFF

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections (DN 31) to Magistrate Judge King's Report & Recommendation (DN 29), and Plaintiff's Motion to Amend the Complaint (DN 30). The matter is ripe for adjudication. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's Report & Recommendation, and Plaintiff's Motion to Amend is **DENIED**.

### I. BACKGROUND

Plaintiff filed for Supplemental Income and Disability Insurance Benefits on January 14, 2014, claiming a disability onset date of October 15, 2012. (Administrative R. 32, 290-307, DN 14 [hereinafter R.]). The Social Security Administration denied her claim initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (R. 175, 182, 190, 197).

ALJ Christine A. Cooke conducted an administrative hearing on November 12, 2015. (R. 26). The ALJ concluded at the initial hearing that she needed more information from a medical expert and a supplemental hearing. (R. 76-77). The ALJ conducted the supplemental hearing on March 23, 2016. (R. 79).

The ALJ rendered her decision on April 21, 2016. (R. 27-44). The ALJ applied the five-step sequential evaluation process promulgated by the Commissioner. (R. 32); 20 C.F.R. §§ 404.1520(a), 416.920(a). At the first step, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 32). At step two, the ALJ found Plaintiff to have the several "severe" impairments: lupus, fibromyalgia, diabetes, obesity, and degenerative disc disease of the lumbar spine. (R. 32). At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 33).

Before proceeding to the fourth step, the ALJ determined Plaintiff had the residual functional capacity to perform a range of light work. (R. 33-34). At step four, the ALJ concluded Plaintiff did not have the residual functional capacity to perform any of her past relevant work. (R. 37). At step five, relying on testimony from a vocational expert, the ALJ determined that there are a significant number of jobs that exist in the national economy that a person of Plaintiff's age, education, work experience, and residual functional capacity could perform. (R. 37). As a result, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act from the alleged onset date through the date of the decision. (R. 38). Plaintiff timely appealed the unfavorable decision to the Appeals Council, who denied her appeal. (R. 1-5). As a result, the ALJ's decision serves as the final opinion of the Commissioner.

Plaintiff appealed the Commissioner's decision to this Court. (Compl., DN 1). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned referred this case to the Magistrate Judge for preparation of a report and recommendation of disposition. (Order, DN 15). The Magistrate Judge filed his findings and recommended that the Court affirm the Commissioner's decision and dismiss Plaintiff's Complaint. (R. & R. 8, DN 29).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

When a party objects to any portion of a Magistrate Judge's R. & R., the District Judge reviews those portions *de novo*. 28 U.S.C. § 636(b)(1). The Court reviews the ALJ's determination of disability "to determin[e] whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

## IV. DISCUSSION

### A. Motion to Amend

#### 1. *Appointments Clause*

Plaintiff first moves the Court for leave to amend her Complaint and add a count alleging that the ALJ who heard her case did so without appropriate constitutional authority in light of *Lucia v. SEC*, 138 S. Ct. 2044 (2018). (Pl.'s Objs. R. & R. 5-7, DN 31 [hereinafter Pl.'s Objs.]). Generally, motions to amend are governed by Rule 15(a)(2) which provides that a court may freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, however, a proposed amendment would not survive a Rule 12(b)(6) motion to dismiss, a court may deny the amendment as futile. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382 (6th Cir. 1993); *Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902, 903 (E.D. Mich. 2018).

Determining whether Plaintiff's proposed amendment would survive a motion to dismiss begins with a brief overview of *Lucia*. "The Appointments Clause of the Constitution lays out the

permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees." *Lucia*, 138 S. Ct. at 2049 (quoting U.S. Const. art. II, § 2, cl. 2). Specifically, the Appointments Clause provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2. *Lucia* required the Court to determine whether administrative law judges of the Securities and Exchange Commission ("SEC") qualify as "Officers" as contemplated by the Appointments Clause. *Lucia*, 138 S. Ct. at 2049.

The Court began by noting that the SEC may institute proceedings against alleged violators of securities laws. *Id.* At the time of the lawsuit in *Lucia*, the SEC employed five active ALJs, all of whom were selected by staff members of the SEC. *Id.* These ALJs possessed all the authority necessary to ensure "a fair and orderly adversarial proceeding." *Id.* (internal quotation marks omitted) (citing 17 C.F.R. §§ 201.111, 200.14(a)). The ALJs were not, however, appointed by the President, a court of law, or the head of a department. *Id.* at 2051.

The SEC charged Defendant Raymond Lucia ("Lucia") with misleading consumers through slideshows used to sell his retirement savings strategy, Buckets of Money. *Id.* at 2049. An ALJ conducted a trial and found Lucia had violated securities laws. *Id.* at 2050. On appeal to the SEC, Lucia argued the ALJ's decision was invalid because the ALJ had not been properly appointed pursuant to the Appointments Clause. *Id.* The SEC rejected Lucia's Appointments Clause argument, as did the D.C. Court of Appeals. *Id.* Relying on its holding in *Freytag v. Commissioner*, 501 U.S. 868 (1991), the Supreme Court reversed the D.C. Circuit, concluding the ALJs' appointment violated the Constitution because ALJs of the SEC were "near-carbon copies" of the ALJs for the IRS under consideration in *Freytag*. *Lucia*, 138 S. Ct. at 2052.

4

Fallout from *Lucia* was swift, and less than two months after the Supreme Court's ruling, the Sixth Circuit held that the appointment of ALJs for the Mine Safety and Health Administration ("MSHA") similarly violated the Constitution. *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 679 (6th Cir. 2018).

Since *Jones Brothers*, a number of Social Security appellants have attempted to assert a challenge to the Social Security Administration's appointment of ALJs. *See, e.g.*, *Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902 (E.D. Mich. Oct. 31, 2018); *Axley v. Comm'r of Soc. Sec.*, No. 1:18-cv-1106-STA-cgc, 2019 WL 489998 (M.D. Tenn. Feb. 7, 2019); *Willis v. Comm'r of Soc. Sec.*, No. 1:18-cv-158, 2018 WL 6381066, (S.D. Ohio Dec. 6, 2018) (report & recommendation); *Flack v. Comm'r of Soc. Sec.*, No. 2:18-cv-501, 2018 WL 6011147 (S.D. Ohio Nov. 16, 2018) (report & recommendation). Each of these cases, like the present case, came as motions to amend. In each case, however, the respective courts found that they should deny the motion to amend because the amendment that added the constitutional claim would be futile. Amending the complaint in this case would be similarly futile.

"[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." *Ryder v. United States*, 515 U.S. 177, 182-83 (1995). While in *Jones Brothers*, the Sixth Circuit excused the plaintiff for forfeiting its Appointments Clause argument, the situation there was different in two crucial aspects. First, the plaintiff in *Jones Brothers* pointed out to the administrative agency that a Circuit Split had recently developed with respect to the appointment of ALJs for the SEC. *Jones Bros.*, 898 F.3d at 677. The Court noted that "to acknowledge an argument is not to make an argument" and concluded that Jones Brothers had technically forfeited the Appointments Clause challenge.

*Id.* The Court also concluded, however, that it was appropriate to forgive the forfeiture. *Id.* "The Mine Act allows courts to excuse forfeiture because of extraordinary circumstances." *Id.* (internal quotation marks omitted) (citation omitted). Specifically, there was no legal authority making it clear that the Commission could even address the claim. *Id.*

Here, on the other hand, the Social Security regulations contemplate challenges to the ALJ and provide such challenges must be made as early as possible. 20 C.F.R. § 404.939. Constitutional challenges are specifically addressed, and the regulations even allow for an expedited appeals process in certain instances. 20 C.F.R. § 404.924(d). Therefore, Plaintiff cannot rely on the Court's reasoning in *Jones Brothers* to excuse the forfeiture in this case.

Plaintiff made no reference to an Appointments Clause challenge before the ALJ, the Appeals Council, or for that matter the Magistrate Judge issuing a report and recommendation for this Court. The argument is forfeited, and there is no reason to excuse the forfeiture.

Plaintiff's reliance on *Sims v. Apfel*, 530 U.S. 103 (2000), is misplaced. In *Sims*, the Court held only that issue exhaustion is not required in a request for review by the Appeals Counsel. *Id.* at 112 (plurality opinion). The Court specifically left open the question of whether the exhaustion requirement applied to the remainder of the administrative proceedings. *Id.* at 107. Since *Sims*, the Sixth Circuit has held, albeit in unpublished opinions, that issues not raised at any point of the administrative process are forfeited. *See, e.g.*, *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 405 (6th Cir. 2016) (claimant forfeited challenge to ALJ's failure to issue subpoena where challenge was not raised at the administrative hearing); *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012) (claimant forfeited argument presented for the first time to the District Court); *see also Stearns v. Comm'r of Soc. Sec.*, No. C17-2031-LTS, 2018 WL 4380984 (N.D. Iowa Sept. 14, 2018) (applying this reasoning to an Appointments Clause challenge).

Moreover, Plaintiff's argument that *Lucia* was the first case that might alert plaintiffs to potential Appointments Clause challenges when it was decided in June 2018 is without merit. As mentioned above, the Court in *Lucia* found the ALJs at issue there to be "near-carbon copies" of the ALJs considered by the Court in *Freytag* and held to violate the Appointments Clause. *Lucia*, 138 S. Ct. at 2052. *Freytag* was decided in 1991, meaning Plaintiff had access to the building blocks of an Appointments Clause challenge long before this case existed. For all these reasons, the Court concludes Plaintiff's Appointments Clause challenge would be futile, and the motion to amend is denied as to this count.

### 2. *Federal Vacancies Reform Act*

Next, Plaintiff argues that Defendant Nancy A. Berryhill's ("Berryhill") status as Acting Commissioner expired on November 16, 2017, and she is therefore now serving in a position that violates the Federal Vacancies Reform Act of 1998. (Pl.'s Objs. 7-8). "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 900 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

Plaintiff did not move for summary judgment in this case until April 23, 2018, more than five months after Berryhill's status as acting director allegedly expired. (*Compare* Pl.'s Objs. 7, *with* Pl.'s Mot. Summ. J., DN 20). There is no reason Plaintiff could not have raised this argument before the Magistrate Judge, and the Court concludes it is now forfeited.[1] Plaintiff may not invoke

---

[1] Notwithstanding the issue of forfeiture, and regardless of any interpretation of the Federal Vacancies Reform Act, Plaintiff's argument is meritless. The ALJ denied Plaintiff's claim on April 21, 2016, before Berryhill became Acting Commissioner, and the Appeals Council issued

7

Rule 15 so as to sidestep the issue of argument forfeiture. Plaintiff's motion to add this claim is therefore denied.

### 3. *DOJ Memoranda*

Plaintiff next offers a perplexing argument concerning memoranda written to address how the Department of Justice handles reliance on its own internal guidance documents. (Pl.'s Objs. 8-9). It appears Plaintiff is attempting to argue that the Attorney General's instruction to DOJ officials precludes the Social Security Administration and this Court from relying on SSRs and the HALLEX manual for guidance in rendering determinations of disability.

Plaintiff's argument is without merit. The first memorandum, issued on November 16, 2017, limits the DOJ's ability to rely on its own guidance documents, defined as statements "about legal rights and obligations falling within the Department's regulatory or enforcement authority." (DOJ Memo., Nov. 16, 2017, at 2, available at https://www.justice.gov/opa/press-release/file/1012271/download, [hereinafter Nov. 16 Memo]). The Social Security Administration is not within the DOJ's enforcement authority, and Plaintiff presents no information to the contrary. Further, the Attorney General's memo states that it "is not intended to, does not, and may not be relied upon to, create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." (Nov. 16 Memo, at 3). Therefore, even if the memo applied to the Social Security Administration (which it does not), the plain language of the document reveals that DOJ expressly intended it as a policy statement that should not be cited in an action before a court.

---

the Administration's final denial on June 8, 2017, while Berryhill was properly serving as Acting Commissioner. As a result, Plaintiff's argument that the decision at issue in this case is invalid because of a technicality of the Federal Vacancies Reform Act is completely unsupported.

The subject matter of the second memo, published on January 25, 2018, is irrelevant because, as the memo states, it "applies only to future ACE actions brought by the Department [of Justice.]" (DOJ Memo., January 25, 2018, at 2, available at https://www.justice.gov/file/1028756/download, [hereinafter Jan. 25 Memo]). ACE actions are affirmative civil enforcement actions where the United States is the plaintiff. (Jan. 25 Memo, at 1). It should go without saying that the United States is not the Plaintiff in this action, and Plaintiff's Motion to Amend will be denied as to this count. Thus, all of Plaintiff's proposed amendments will be denied.

### 4. *Plaintiff's Objections to the Magistrate Judge's Report*

The Court now turns to Plaintiff's objections to the Magistrate Judge's R&R. Plaintiff contends the ALJ erred by failing to acknowledge the hearing of November 12, 2015. (Pl.'s Objs. 16). Judge King addressed this and found that the objection lacked any evidentiary support to demonstrate how this failure harmed Plaintiff. (R. & R. 2). This Court agrees, and moreover, the ALJ need not discuss every piece of evidence submitted by a party. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006). Plaintiff's objection is therefore overruled.[2]

Next, Plaintiff argues the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Mason. (Pl.'s Objs. 17-19). This argument corresponds with Plaintiff's contention that the ALJ afforded too much weight to Dr. Savage, a non-treating source and medical expert. Judge King thoroughly discussed the evidence, and noted that the restrictions imposed by Dr. Mason were unsupported by the objective medical record. (R. & R. 3-6). As just one example, Judge King pointed out that Dr. Mason opined that Plaintiff could never engage in postural

---

[2] Plaintiff contends here for the first time that she was harmed because Dr. Savage did not have the opportunity to review the earlier hearing testimony. As noted earlier, however, arguments not presented to the Magistrate Judge are waived.

9

activities. (R. & R. 4). Plaintiff herself, however, testified at the administrative hearing that she could engage in occasional postural activities. (R. & R. 4 (citing R. 63)).

Judge King went on to note the appropriate standard, apply the treating physician rule, and discuss whether the ALJ provided good reasons for discounting the opinion of Plaintiff's treating physician. (R. & R. 4-5). That rule provides that an ALJ must assign controlling weight to a treating physician's opinion unless the opinion is unsupported by the medical evidence. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013).

The ALJ concluded, based on Dr. Savage's testimony, that Plaintiff's medical records did not support Dr. Mason's restrictive residual functional capacity. For instance, the ALJ noted that Dr. Mason based his assessment on Plaintiff's degenerative disc disease, but x-rays from 2015 reveal only mild effects to the lumbar spine. (R. 33). Additionally, the ALJ relied on Dr. Savage's testimony, which pointed out that Plaintiff's actual physical examinations did not demonstrate physical deficits consistent with those assigned by Dr. Mason. (R. 36). Finally, Dr. Mason's own treatment notes are not consistent with the types of limitations he imposed. In October of 2015, one month before rendering his opinion, Dr. Mason indicated that Plaintiff's motor and sensory functioning, reflexes, gait, and coordination were intact. (R. 785). On the same day he rendered his opinion in this claim, Dr. Mason again noted that Plaintiff had a normal gait with no limb or joint pain with her range of motion. (R. 782). Dr. Mason did not offer any explanation for this inconsistency, and Plaintiff has not identified other evidence to support such a restrictive finding.

Judge King concluded the ALJ offered good reasons for discounting the treating physician' opinion, and the undersigned agrees. Plaintiff's objection is therefore overruled.

Finally, with respect to the effects of Plaintiff's other impairments, the ALJ discussed them, noted their likely effects, and determined a residual functional capacity based on substantial

evidence. As Magistrate Judge King noted, Plaintiff suffers from lupus and fibromyalgia, but the ALJ cited evidence that Plaintiff has managed her lupus well. (R. 34-35). The only question before the Court is whether the Commissioner's decision, as reflected in the findings of the ALJ, is supported by substantial evidence. 42 U.S.C. § 405(g); *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citing *Mullen v. Sec'y of Health & Human Servs.* 800 F.2d 535 (6th Cir. 1986)). If the answer to the above question is yes, then the Court may not inquire whether the record could support a decision the other way. *Smith*, 893 F.2d at 108 (citing *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986)). Substantial evidence is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. *Smith*, 893 F.2d at 108 (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).

In this case, the ALJ's determinations were supported by substantial evidence. Even if evidence might support a decision the other way, this Court does not have the authority to second-guess the ALJ. Magistrate Judge King understood the standard and applied it correctly. Therefore, Plaintiff's objections are overruled.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend (DN 30) is **DENIED**. Plaintiff's Objections (DN 31) are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation (DN 29) as submitted by the Magistrate Judge.

Greg N. Stivers, Chief Judge
United States District Court

March 12, 2019

cc: counsel of record